**Opinion filed September 3, 2020**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00253-CR

_____

## NICHOLAS STEPHEN LAFAVE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 2**
**Taylor County, Texas**
**Trial Court Cause No. 2-1256-16**

## M E M O R A N D A M   O P I N I O N

This appeal arises from the denial of a motion to suppress evidence. Appellant, Nicholas Stephen Lafave, was charged with possession of marihuana. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (West 2017). Appellant filed a motion to suppress, alleging that he was detained without reasonable suspicion. The trial court denied the motion.

The jury subsequently found Appellant guilty and assessed his punishment at confinement for a period of 180 days in jail and a fine of $2,000. In accordance with the jury's recommendation, the trial court suspended the imposition of the confinement portion of the sentence and placed Appellant on community supervision for a period of two years. In his sole issue on appeal, Appellant challenges the trial court's denial of the motion to suppress. We affirm.

*Background Facts*

The State called Abilene Police Officer Sterling Riddle as the only witness at the hearing on the motion to suppress. On the night of June 26, 2016, Officer Riddle patrolled the parking lot of a local bar to ensure "everything was all right" because there had been some recent burglaries of vehicles in that area. Officer Riddle contacted Appellant after noticing Appellant sitting by himself in a vehicle in the back of the parking lot with the vehicle's door open. Although it was midnight and the parking lot was unlit and "completely black," Officer Riddle testified that there were other cars in the parking lot and that it was a reasonable place for these cars to be.

Officer Riddle testified that he intended to "make a consensual stop and just speak to the subject." Officer Riddle agreed that Appellant was minding his own business, not operating the vehicle, and not committing any visible crime when Officer Riddle approached him. Without turning on his sirens and lights, Officer Riddle approached the vehicle and asked Appellant if he was all right. Officer Riddle testified that he did not brandish his gun, that he kept his pepper spray and Taser on his belt, and that he did not block Appellant's car "to make a containment." When asked what he would have done if Appellant had closed his door and driven off, Officer Riddle replied, "I probably would have let him drive off" or "attempted to follow him" to verify his identity.

Upon hearing Appellant say that he was okay, Officer Riddle immediately smelled the odor of burning marihuana coming from the vehicle. Officer Riddle confronted Appellant about the marihuana odor by asking him to step out of the vehicle and present his identification. Officer Riddle radioed for backup before searching Appellant and his vehicle. After another unit arrived, Appellant became agitated and told Officer Riddle not to search his car without a warrant. As Appellant's agitation increased, it became necessary to handcuff him. Officer Riddle handcuffed Appellant, informed him that he was being detained, and then finished searching the vehicle. The search yielded a marihuana smoking device and some marihuana in a plastic baggie, both located in the passenger seat.

*Analysis*

In his sole issue on appeal, Appellant challenges the trial court's denial of his motion to suppress. He contends that there was no lawful basis for Officer Riddle to approach his vehicle. Accordingly, Appellant asserts that the trial court erred when it denied his motion to suppress. The State contends that Officer Riddle did not detain Appellant when he initially approached Appellant but, rather, engaged in a consensual encounter.

We review a trial court's denial of a motion to suppress for an abuse of discretion and apply a bifurcated standard of review, affording almost complete deference to the trial court's determination of historical facts, especially when those determinations are based on assessments of credibility and demeanor. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). "[T]he party that prevailed in the trial court is afforded the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Garcia–Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008). The trial court entered findings of fact and conclusions of law. The trial court found that Officer Riddle's initial approach to speak with Appellant constituted a consensual encounter. Whether a given set of

historical facts amounts to a consensual police-citizen encounter or a detention under the Fourth Amendment is a question of law and subject to a de novo review. *Id.*

> There are three distinct types of police-citizen interactions: (1) consensual encounters that do not implicate the Fourth Amendment; (2) investigative detentions that are Fourth Amendment seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity; and (3) arrests, the most intrusive of Fourth Amendment seizures, that are reasonable only if supported by probable cause.

*Wade v. State*, 422 S.W.3d 661, 667 (Tex. Crim. App. 2013); *see Crain*, 315 S.W.3d at 49. Not every encounter between a civilian and a police officer implicates the Fourth Amendment. *Florida v. Bostick*, 501 U.S. 429, 434 (1991). "Each citizen-police encounter must be factually evaluated on its own terms; there are no *per se* rules." *Garcia–Cantu*, 253 S.W.3d at 243.

A consensual encounter "takes place when an officer approaches a citizen in a public place to ask questions, and the citizen is willing to listen and voluntarily answers." *Crain*, 315 S.W.3d at 49. In a consensual encounter, the citizen is free to terminate the encounter at any time. *State v. Woodard*, 341 S.W.3d 404, 411 (Tex. Crim. App. 2011). An officer is not required to justify a request for information from a citizen, and a citizen's acquiescence to the officer's request does not negate the encounter's consensual nature. *Id.* (citing *Hiibel v. Sixth Judicial Dist. Court of Nevada*, 542 U.S. 177, 185 (2004); *Immigration & Naturalization Serv. v. Delgado*, 466 U.S. 210, 216 (1984)); *State v. Castleberry*, 332 S.W.3d 460, 466 (Tex. Crim. App. 2011) ("An officer may, without reasonable suspicion, request identification and information from a citizen."). "On the other hand, an investigative detention occurs when a person yields to the police officer's show of authority under a reasonable belief that he is not free to leave." *Crain*, 315 S.W.3d at 49. The encounter is consensual and merits no further constitutional analysis insofar as the citizen remains free to disregard the officer's questions and go about his business.

4

*See Woodard*, 341 S.W.3d at 411; *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995).

To determine whether an interaction is a consensual encounter or a detention, the court focuses on whether the officer's request conveyed mandatory compliance. *Crain*, 315 S.W.3d at 49. "Courts consider the totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore the request or terminate the interaction." *Woodard*, 341 S.W.3d at 411 (citing *Brendlin v. California*, 551 U.S. 249, 255 (2007)). Although the officer's conduct is the most important factor, surrounding circumstances are all considered to determine whether the interaction was a consensual encounter or Fourth Amendment seizure. *Crain*, 315 S.W.3d at 49. A person's conclusion that he is not free to leave varies based on the officer's conduct at issue and the setting in which the conduct occurs. *Garcia–Cantu*, 253 S.W.3d at 244. Law enforcement officers are permitted to approach individuals without probable cause or reasonable suspicion to ask questions or even to request a search. *Florida v. Royer*, 460 U.S. 491, 497–98 (1983) (holding that police officers "do not violate the Fourth Amendment by merely approaching an individual" and asking questions).

The Texas Court of Criminal Appeals has addressed cases involving an officer approaching citizens located in parked vehicles. In one case, a police officer approached a car parked in a parking space at an apartment complex. *Johnson v. State*, 414 S.W.3d 184, 188 (Tex. Crim. App. 2013). The officer shined a "pretty darn bright" spotlight onto the defendant's vehicle, partially blocked the defendant's vehicle when he parked his police car, and spoke to the defendant in a "loud authoritative voice." *Id.* at 193. Because of these factors, the court concluded that this was a detention rather than a consensual encounter because a reasonable person would not feel free to terminate this interaction with the police officer. *Id.*

In *Garcia–Cantu*, a police officer approached a vehicle parked at the end of a dead-end street at 4:00 a.m. 253 S.W.3d at 239. The officer shined a spotlight on the defendant's vehicle, spoke with a commanding voice, "boxed in" the defendant's vehicle, and approached the defendant's vehicle in an authoritative manner while carrying a flashlight. *Id.* at 245–49. Based on these facts, the court concluded that a reasonable person would not have felt free to leave or terminate this interaction with the police officer. *Id.* at 249.

The only common factor between the present case and the circumstances in *Johnson* and *Garcia–Cantu* is that Officer Riddle approached the vehicle where Appellant was seated. In Officer Riddle's own words, he "just walked up to [Appellant]." Officer Riddle specifically noted that he did not have the lights and siren turned on because he had to manually turn on his body camera, which would have been automatically activated if he had turned on his siren and lights. Officer Riddle testified that he simply walked up to Appellant and asked if he was all right. Officer Riddle did not brandish his gun, kept his pepper spray and Taser on his belt, and did not block Appellant's car "to make a containment."

We conclude that Officer Riddle's initial interaction with Appellant constituted a consensual encounter. A reasonable person would have felt free to terminate the encounter at its inception. Because the initial encounter was consensual, no further constitutional analysis is required to determine whether Officer Riddle had reasonable suspicion to detain Appellant at the point that Officer Riddle approached Appellant. As found by the trial court, Officer Riddle developed reasonable suspicion to investigate further when he smelled marihuana coming from Appellant's vehicle as he approached the vehicle and asked Appellant if he was all right. Accordingly, the trial court did not err by denying Appellant's motion to suppress. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.



JOHN M. BAILEY

CHIEF JUSTICE


September 3, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.